## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

REX RIGNEY                                                                              PLAINTIFF
#87151

v.                                              4:23-cv-00939-BRW-JJV

DAVID HAMILTON, RN,
Pope County Detention Center                                                    DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Billy Roy Wilson.    Any party may serve and file written objections to this

Recommendation.    Objections should be specific and include the factual or legal basis for the

objection.    If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.    Your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of this

Recommendation.    Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

I.        INTRODUCTION

Rex Rigney ("Plaintiff") has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging

Defendant RN David Hamilton violated his constitutional rights while he was in the Pope County

Detention Center ("PCDC") by sexually assaulting him during a September 7, 2023 medical exam.

(Doc. 2.)    Defendant Hamilton has filed a Motion for Summary Judgment arguing this claim

should be dismissed without prejudice because Plaintiff failed to exhaust his administrative

remedies.    (Docs. 11-13.)    Plaintiff has not filed a Response, and the time to do so has expired.

*See* Local Rule 7.2(b) (response to a motion is due fourteen days after service).    Thus, the facts

1

in Defendant's Statement of Undisputed Facts (Doc. 13) are deemed admitted.    *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div*., 272 F.3d 1020, 1027 (8th Cir. 2001).    And, as will be discussed, those facts are supported by the record.    After careful review and consideration, I recommend the Motion be GRANTED, Plaintiff's claim against Defendant Hamilton be DISMISSED without prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.    *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).    The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.    *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.    *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner,* 663 F.3d 336, 340 (8th Cir. 2011).    In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."    *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.    ANALYSIS

### A.    The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.   *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).   Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.   *Id.*

### B.    PCDC Administrative Grievance Process

The PCDC's grievance policy instructs detainees that they "must file a grievance" if they "have been subjected to abuse or an abridgment of your civil rights."   (Doc. 13-1.)   The grievance must contain the date and approximate time of the event, the names of the people involved, the names of any witnesses, and the "pertinent details of the event."   (*Id.*)   The grievance must be filed using the kiosk within forty-eight hours of the event.   If a detainee is dissatisfied with the response from the Jail Administrator or designee, he or she must appeal within forty-eight hours by completing the bottom section of the form.    And a ruling at that point ends the process.

### C.    Evidence

The PCDC Assistant Jail Administrator says in his affidavit that, although Plaintiff was

3

familiar with the grievance procedure and had previously filed several grievances about other matters, he did not file any grievances raising his September 7, 2023 sexual assault claim against Defendant Hamilton.   (Doc. 13-4.)   Plaintiff has not offered any contrary evidence.   And my review of the provided records confirms this to be correct with two clarifications.   (Docs. 13-2, 13-3.)

First, on September 7, 2023, Plaintiff filed a sick call request, and not a grievance, saying: "I have a couple personel quations for mr. david I feel comfortable."   (Doc. 13-2 at 4)   A medical provider responded: "Your sick call has been scheduled."   (*Id.*)   It appears this sick call request is what instigated the medical exam during which Plaintiff claims he was sexually assaulted by RN Hamilton.   But it was not a grievance.   And it does not, in anyway, say Plaintiff was inappropriately touched by Defendant David Hamilton during that exam.   Thus, I conclude this sick call request is not proper exhaustion.   *See Townsend v. Murphy,* 898 F.3d 780, 784 (8th Cir. 2018) (no exhaustion when a prisoner's grievance did not contain "the specific factual allegations that would later appear in his federal complaint"); *Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014) (no exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit).

Second, in his Complaint Plaintiff said he did not exhaust his administrative remedies "because I contacted PREA."   (Doc. 2 at 4.)   I presume this to mean Plaintiff made a complaint against RN Hamilton pursuant to the Prison Rape Elimination Act.[1]   However, as recognized by

---

[1] *See Blevins v. Pearson*, No. 18-CV-2270, 2018 WL 6814183, 3 (D. Minn. Nov. 30, 2018), *rec. adopted*, 2018 WL 6807391 (D. Minn. Dec. 27, 2018) ("The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue"); *Schaefer v. Lombardi*, No. 2:16-CV-54 CEJ, 2016 WL 6138626, at *2 (E.D. Mo. Oct. 20, 2016) (the PREA does not "create a right of action that is privately enforceable by an individual civil litigant").

several courts, filing a PREA complaint is not equivalent to exhausting administrative remedies. *See Porter v. Howard,* No. 12-56366, 2013 WL 3119823 (9th Cir. 2013); *Martin v. Pruett*, No. 2:18-cv-161-KGB-JTK, 2022 WL 947205, at *3 (E.D. Ark. Mar. 29, 2022); *Woodard v. McGee*, No. 6:18-cv-6013, 2020 WL 1443632, at *2 (W.D. Ark. Mar. 25, 2020); *Bledsoe v. McDowel*, Case No. 4:16-cv-4057, 2017 WL 1091332, at *3-4 (W.D. Ark. Mar. 21, 2017).   Instead, to satisfy the PLRA's exhaustion requirement, Plaintiff was required to properly comply with the PCDC's grievance procedure.   *See Woodford,* 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion"). And it is undisputed Plaintiff did not do so.

Finally, Plaintiff does not contend that administrative remedies were unavailable to him at the PCDC. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust only "available" administrative remedies); *Ross v. Blake*, 578 U.S. 632, 644 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").   Accordingly, I conclude Defendant Hamilton is entitled to summary judgment because Plaintiff failed to properly exhaust his available administrative remedies.   *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court.   And I have not overlooked the

seriousness of his allegations.   However, the exhaustion requirement plays a critical role in the remedy process which the Eighth Circuit has explained as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Defendant's Motion for Summary Judgment (Doc. 11) be GRANTED, Plaintiff's claim against Defendant Hamilton be DISMISSED without prejudice, and this case be CLOSED.

2.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 14th day of February 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE